**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cedric Joseph Rue, | ) | |
| Petitioner, | ) | CV 08-1738-PHX-PGR (MHB) |
| v. | ) | **ORDER** |
| Dora B. Schriro, et al., | ) | **NON-DEATH PENALTY** |
| Defendants. | ) | |

Currently before the Court is the Report and Recommendation of Magistrate Judge Burns (Doc. 14) based on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.[1] Having reviewed *de novo* the Petition, the Report and Recommendation[2]

---

[1] Petitioner was convicted of first degree murder, theft, and arson of a structure. He challenges his sentence imposed for Count One, first degree murder. (Doc. 1.) He maintains that he is entitled to a new state court sentencing hearing on Count One.

[2] The Court agrees with the Magistrate's finding that Petitioner's Petition for Writ of Habeas Corpus is untimely. Regarding statutory tolling, he was 266 days beyond the one year limitations period set forth by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Furthermore, Petitioner failed to demonstrate that he is entitled to equitable tolling. Petitioner claims that Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) effectively serve to delay the commencement date of the limitations period. He also argues that Blakely decided a second substantive rule of constitutional law requiring a standard of proof for aggravating factors and such rule should be applied retroactively to cases on collateral review. The Court agrees with Magistrate Judge Burns that this argument fails. The reference in Blakely to the standard of proof

of Magistrate Judge Burns, and the Petitioner's objections thereto, and in light of the Court's finding that the Petitioner's objections do not have any merit,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation **(Doc. 14)** is **ACCEPTED** and **ADOPTED** by the Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** is **DISMISSED** and **DENIED with prejudice**.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 22nd day of February, 2010.

Paul G. Rosenblatt
United States District Judge

---

required for aggravating factors is not a "new" rule, as precedent was available at the time of Petitioner's sentencing. See U.S. v. Watts, 519 U.S. 148, 156 (1997). Furthermore, assuming arguendo that Blakely did announce such a new rule of constitutional law, such a rule must have been made "retroactively applicable to cases on collateral review..." in order for the one year limitations period under AEDPA to apply. 28 U.S.C. §2244(d)(1)(C). Petitioner has failed to establish such retroactive applicability. Finally, the Petitioner had the opportunity, but did not, raise on direct appeal the trial court's failure to make sufficient findings of fact to support the natural life sentence imposed.